

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2018

**BY ECF**

The Honorable Valerie E. Caproni
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Marley*, S4 16 Cr. 374 (VEC)

Dear Judge Caproni:

    The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for July 30, 2018 at 2:00 p.m. For the reasons explained below, the Government submits that a sentence within the Guidelines range of 151 to 188 months' imprisonment on Count One, to be followed by 60 months' imprisonment on Count Two, for a combined Guidelines range of 211 to 248 months' imprisonment (the "Guidelines Range"), would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A. Factual Background**

    From approximately in or about February 2015 through in or about April 2016, Jason Marley (the "defendant") conspired with others to distribute over 100 kilograms and more of marijuana, as well as heroin, cocaine, and crack cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B) (Count One). (Presentence Investigation Report ("PSR") ¶ 12.)[1] In furtherance of his narcotics trafficking, the defendant possessed firearms for, among other reasons, protection, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Two). (PSR ¶ 18.)

    On March 19, 2018, after a one-week trial, the jury found the defendant guilty of both counts of the Superseding Indictment. During the trial, several of the defendant's co-conspirators testified about the amount of marijuana that the defendant distributed. Gerard Griffith testified that over the course of the approximately one year he received boxes for the defendant, he estimated receiving approximately 50 boxes and that the boxes ranged anywhere from five to more than fifteen pounds each. (Trial Tr. ("Tr.") at 342–43; 364–65.) Elaine Heron and Radianna Thompson further testified that boxes of Marley's marijuana arrived regularly at their apartments. Thompson testified that each box contained marijuana that produced approximately twenty bags,

---

[1] The offense conduct section of the PSR incorrectly notes that the conspiracy period was from February 2016 through April 2016, as opposed to February 2015 through April 2016. (*Compare* PSR ¶ 2 *with* ¶ 12.)

weighing anywhere from half a pound to two pounds each. (Tr. 52.) Heron testified that boxes arrived several times a week. (Tr. at 201.)

As detailed in the Government's summation, the seizures of marijuana from Thompson's apartment and Heron's apartment in April 2016, together with the marijuana seized from the February 16, 2016 stop of one of Marley's co-conspirators, totaled approximately 65 kilograms of marijuana. When that amount was added to other amounts discussed over the wiretapped interceptions and the amounts detailed by Griffith, the Government's (conservative) estimate was that Marley trafficked in over 300 kilograms of marijuana during the one-year period of the conspiracy.

In addition to marijuana, agents recovered over 100 grams of cocaine and 3.5 grams of crack cocaine from the blue shipping barrel in Thompson's apartment. (PSR ¶ 19.) Marley further discussed selling heroin over the wiretapped calls. (PSR ¶ 17.)

Finally, agents recovered two firearms – one from the blue barrel in Thompson's apartment and the other from Marley's girlfriend's apartment. (PSR ¶¶ 18–19.) DNA testing revealed that Marley's DNA was on both firearms. (PSR ¶ 18.)

**B. The Defendant's Submission**

The defendant challenges the drug weight calculation as well as the two-point enhancement for obstruction of justice. (Def. Mem. at 25–26.) The defendant contends that he distributed far less than 325 kilograms – though concedes that this contention does not impact the guidelines analysis. (Def. Mem at 26.) With respect to the two-point enhancement for obstruction of justice, the defendant argues that the Court's credibility findings in its October 2017 opinion do not support the enhancement because the Court did not find that the defendant perjured himself. (Def. Mem. at 36–41.) The defendant argues that the mandatory minimum of ten years' imprisonment satisfies the considerations set forth in 18 U.S.C. § 3553(a).

**C. Discussion**

### 1. Applicable Law

The Government submits that a sentence within the Guidelines Range is appropriate for this defendant. As the Court is well aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, Your Honor must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

## 2. Guidelines Calculation

The evidence at trial – both in the form of the drugs seized on particular dates as well as the testimony of the defendant's co-conspirators – clearly shows that the defendant trafficked in at least 300 kilograms and more of marijuana. Regardless of the amount, however, the jury's determination that the defendant distributed more than 100 kilograms of marijuana sets the base offense level for Count One at 24. (PSR ¶ 28.) The defendant does not dispute the base offense level.

With respect to the enhancement for the obstruction of justice, the defendant is correct that the Court "must make a finding of specific intent to commit perjury, which occurs when '[a] witness testifying under oath or affirmation ... gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *United States v. Thompson*, 808 F.3d 190, 196 (2d Cir. 2015) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Of the three instances in which the Court determined that the defendant's testimony in the suppression hearing was not credible, one that clearly rises to the level of perjury was the defendant's testimony that he did not give consent to search his vehicle following the car stop. (ECF No. 148 at 19.) The defendant's testimony on this matter could not be the result of mistake or faulty memory. Moreover, his consent to search the vehicle was clearly material to the issue of whether the agent's search of the vehicle was permissible. Accordingly, if the Court makes the specific finding that the defendant's testimony at the suppression hearing rose to the level of perjury, then the two-point enhancement should apply.

## 3. A Sentence Within the Guidelines Range Is Appropriate in this Case

The 18 U.S.C. § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant, to promote respect for the law, and to protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). These considerations weigh in favor of a sentence within the Guidelines Range.

A sentence within the Guidelines Range is necessary to provide deterrence. The defendant operated a significant drug trafficking organization that distributed large amounts of marijuana, as well as heroin, cocaine, and crack cocaine. And, the defendant possessed firearms in furtherance of his drug trafficking activities. The defendant committed the instant offense after having been convicted of several drug-related crimes, including criminal possession of marijuana in 2002, 2009, and 2014, and conspiracy to distribute marijuana in 2004. (PSR ¶¶ 38–50; 60–61.) The defendant has also been convicted of criminal possession of a firearm in 2010, and accessory after the fact, in which he was accused of providing a firearm to someone who shot a police officer, in 2013. (PSR ¶¶ 51-59.) Clearly, the defendant has not been deterred from the significant terms of incarceration he has received in the past for similar crimes. Thus, a significant term of incarceration is warranted here to deter the defendant from future crimes.

A sentence within the Guidelines Range is also necessary to reflect the seriousness of the defendant's offense and to protect the public. While it is true that the defendant primarily sold

marijuana, which is not as dangerous as some of the other drugs he sold, the manner in which the defendant conducted his operation warrants a serious sentence. First, the defendant possessed firearms to protect his business. Second, the defendant used those closest to him – including Heron, who viewed the defendant like a son, and Thompson, the mother of his two children – to further his drug trafficking business. Indeed, the defendant kept drugs, a firearm, and ammunition in a shipping barrel located in the bedroom where his two, young children slept. Third, Griffith testified that the defendant made veiled threats to Griffith if Griffith refused to continue to receive the defendant's boxes of marijuana. (Tr. 340–41.) Such serious and dangerous conduct warrants a sentence within the Guidelines range.

For all these reasons, a sentence within the Guidelines Range of 151 to 188 months' imprisonment on Count One, to be followed by 60 months' imprisonment on Count Two, would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

**D. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines Range, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: ___s/___
Timothy V. Capozzi
Michael D. Longyear
Assistant United States Attorneys
(212) 637-2404 / 2223

cc: Bryan Konoski, Esq. (via ECF)