```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 6/26/2020
```

------------------------------------------------------------- X
UNITED STATES OF AMERICA,                       :
                                                :
        -against-                               :       16-CR-374 (VEC)
                                                :
JASON MARLEY,                                   :       ORDER
                                                :
                        Defendant.              :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 6, 2019, Mr. Marley moved for return of $20,678 seized pursuant to 18 U.S.C. § 983(e) during a traffic stop and arrest on February 8, 2015, Def.'s Mot. (Dkt. 234), *see also* Op. & Order (Dkt. 148) at 4–6;

WHEREAS Mr. Marley argues that he did not receive notice of the administrative forfeiture proceedings from the Drug Enforcement Agency ("DEA") and did not know to make a claim in the forfeiture action, *see* Def.'s Mot. at 2–3;

WHEREAS an administrative forfeiture may be set aside when "[t]he Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and . . . the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim," 18 U.S.C. § 983(e)(1);

WHEREAS the Due Process Clause requires that the Government make efforts "reasonably calculated" to notify a party of legal action, but it does not require "heroic efforts" to ensure that a party actually receives the intended notice, *Dusenbury v. United States*, 534 U.S. 161, 170–71 (2002) (quotation omitted), *see also Mullane v. Ctr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950) (requiring the method of notice to be what a person "desirous of actually informing the absentee might reasonably adopt" would employ);

WHEREAS on March 11, 2015, the DEA sent notice of the seizure by certified mail to Mr. Marley at 2425 Nostrand Avenue, Brooklyn, NY ("Nostrand Address"), the home address that he provided to the agents who seized the currency, Rashid Decl. (Dkt. 237-1) ¶ 4(b), Hearing Tr. (Dkts. 137, 139) at 146–47;

WHEREAS on April 20, 2015, the notice was sent back to the DEA with a "Return to Sender, Insufficient Address, Unable to Forward" error, Rashid Decl. ¶ 4(b);

WHEREAS on July 22, 2015, the DEA sent a second notice by certified mail to Mr. Marley at the Nostrand Address after confirming the validity of that address; but, as with the first notice, the second was returned to the DEA with the same "return to sender" error, *id.* ¶ 4(f);

WHEREAS the DEA published the notice of the seizure on forfeiture.gov for 30 consecutive days pursuant to 28 C.F.R. § 8.9(a), *id.* ¶ 4(e);

WHEREAS the DEA sent notices by certified mail to Patrick Scully and Lancelot Williams (who is Mr. Marley's son's godfather), respectively the driver and registered owner of the car in which Mr. Marley was a passenger when the DEA seized the currency from the car, *id.* ¶¶ 4(a), (c), (d), Hearing Tr. at 135, 150;

WHEREAS the DEA received return receipts indicating that Williams and Scully each received the notices, Rashid Decl. ¶¶ 4(c), (d);

WHEREAS during the seizure, the DEA gave Mr. Marley a receipt identifying the seizing and forfeiting agency, Def.'s Mot. at 2, Gov't's Opp. Ex. B (Dkt. 237-2); and

WHEREAS the notices sent via first class mail and posted on forfeiture.gov described the seized currency, the date of seizure, the DEA asset number, the basis for administrative forfeiture, and instructions for how to contest the forfeiture, Rashid Decl. Ex. 1;

IT IS HEREBY ORDERED that Mr. Marley's motion for return of property is DENIED. Although the forfeiture notices mailed to Mr. Marley's home address were returned to DEA, the Government was not required to give Mr. Marley actual notice. The Government's efforts met both its statutory and constitutional obligations. The DEA sent two notices by certified mail to the home address Mr. Marley provided, published the notice online for 30 consecutive days, and mailed the same notice to both the driver and owner of the car in which Mr. Marley was a passenger at the time agents seized the currency. *See, e.g.*, *United States v. Hewett*, No. 02-CR-150, 2003 WL 21355217, at *3 (S.D.N.Y. June 10, 2003) (holding that the defendant was sufficiently notified even though written notices were returned to the Government with a "return to sender" label). To be sure, receiving a "return to sender" error may, in some circumstances, trigger an obligation to take additional steps. In *Lopez v. United States*, 201 F.3d 478 (D.C. Cir. 2000), for example, the DEA knew that the intended recipient was being held in one of two facilities and did not send notice to the other facility when the first was returned by the Postal Service. *Id.* at 480–81. The court held that such notice was constitutionally deficient. *Id.* at 480. By contrast, there is no evidence here that the Government knew Mr. Marley could be found at an address other than the one he himself provided.[1] The receipt he received during the seizure also identified the DEA as the seizing agency, and the mailed and online-published notice contained sufficient information for Mr. Marley to make a claim in the forfeiture proceedings.

---

[1] Mr. Marley does not contest that he provided the Nostrand Address when he was arrested. Instead, he asserts that the Government is lying when it says that it mailed the forfeiture notices to the Nostrand Address. He points out that one time the Postal Service returned the mail indicating the address was insufficient whereas the other time it just marked "return to sender." Reply (Dkt. 238) at 2, 4–5. Mr. Marley also asserts that DEA would not have mailed a forfeiture notice to him because it was at that time conducting a covert investigation of him. *Id.* at 2–3. Mr. Marley's arguments do not refute the evidence that the Government has presented showing that the forfeiture notice was mailed to the Nostrand Address twice.

The Clerk of Court is respectfully directed to close the open motion at docket entry 234.

This Order has been mailed to Mr. Marley by chambers.

**SO ORDERED.**

**Date:  June 26, 2020**　　　　　　　　　　　　　　　　　　　　　_____
　　　　**New York, NY**　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**