```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
    UNITED STATES OF AMERICA                                         :
                                                                     :    16-CR-374 (VEC)
                     -against-                                       :
                                                                     :    ORDER
    JASON MARLEY,                                                    :
                                                                     :
                                    Defendant.                       :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS by letter dated August 16, 2020, Mr. Marley, *pro se*, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 244;[1]

   WHEREAS on October 8, 2020, the Court received a supplemental letter from Mr. Marley in further support of his motion for compassionate release, Dkt. 245;

   WHEREAS on October 23, 2020, the Government filed a letter in opposition to Mr. Marley's motion and provided his Bureau of Prisons ("BOP") medical records (under seal), disciplinary records, and educational records, Dkt. 247;

   WHEREAS on November 10, 2020, Mr. Marley sent an additional letter informing the Court of a COVID-19 outbreak at his facility, FCI Allenwood, Dkt. 249;

   WHEREAS on November 16, 2020, Mr. Marley submitted a reply in further support of his motion for compassionate release, Dkt. 250;

   WHEREAS on November 17, 2020, Mr. Marley sent another supplementary letter informing the Court of the ongoing COVID-19 outbreak at FCI Allenwood, Dkt. 251;

---

[1] The Court received Mr. Marley's letter more than a month later, on September 23, 2020. *See* Dkt. 244.

WHEREAS on December 1, 2020, Mr. Marley submitted an additional letter in support of his motion for compassionate release, notifying the Court that he had tested positive for COVID-19 and was experiencing symptoms of the illness, Dkt. 252;

WHEREAS the Court ordered the Government to provide updated medical records in response to Mr. Marley's December 1, 2020, letter, Dkt. 253;

WHEREAS on December 22, 2020, the Government filed, under seal, updated medical records reflecting that Mr. Marley had tested positive for COVID-19 on or around November 17, 2020, and that by November 26, 2020, Mr. Marley had completed at least 10 days of contact isolation and was then asymptomatic, resulting in BOP medical staff removing him from contact isolation, Dkt. 255; Medical Records;

WHEREAS Mr. Marley has satisfied the exhaustion requirement contained in 18 U.S.C. § 3582(c)(1)(A), *see* Gov't Opp. at 1, Dkt. 247; Def. Mot., Ex. B, Dkt. 244;

WHEREAS this Court may reduce Mr. Marley's term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it determines that extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. § 3582(c)(1)(A); and

WHEREAS the Court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might" put forth in seeking a sentence reduction and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP, *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Marley's motion for compassionate release is DENIED.  Mr. Marley has not demonstrated extraordinary and compelling reasons justifying a reduction in his sentence, and, even if he had, he has not shown that such a reduction would be consistent with the § 3553(a) factors.

In support of his motion, Mr. Marley contends that his medical conditions place him at significantly heightened risk of an adverse outcome should he contract COVID-19. *See* Def. Mot. at 2–3, 7. The Court recognizes that Mr. Marley suffers from certain conditions that this court and others have found constitute extraordinary and compelling circumstances justifying early release amid the ongoing pandemic. Mr. Marley has chronic kidney disease, a comorbidity recognized by the Centers for Disease Control ("CDC") as placing Mr. Marley at "increased risk of severe illness" from COVID-19. *COVID-19: People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Mr. Marley also has hypertension, a condition classified by the CDC as potentially heightening his risk from COVID-19. *See id.* Further, there appears to be an ongoing, significant outbreak of COVID-19 at FCI Allenwood, Medium Security, with 90 active infections among inmates and 22 active infections among staff. *See COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 29, 2020). Under other circumstances, the Court would find that Mr. Marley has demonstrated extraordinary and compelling circumstances.

In opposing his motion, the Government contends that Mr. Marley has failed to demonstrate how his requested relief would appropriately address his medical circumstances. According to the Government, Mr. Marley is subject to an Immigration and Customs Enforcement ("ICE") detainer, pursuant to which he will be transferred to an ICE detention center upon his release from prison, pending removal to Jamaica. *See* Gov't Opp. at 2–3. Thus, even if he were to succeed in securing his release from the custody of the Attorney General, Mr. Marley would spend an indeterminate period in ICE custody, where his risk of contracting COVID-19 would presumably be no less than at FCI Allenwood. *Id.* at 3. On this specific point, Mr. Marley disputes the Government's argument, asserting that he was informed by ICE agents

in 2019 that, upon his release from the custody of the Attorney General, he would be eligible to rejoin the community and that he would only have to report to ICE agents once or twice a year, as he had been doing since 2006.  *See* Def. Reply at 3, Dkt. 250.

For purposes of determining whether Mr. Marley has shown extraordinary and compelling circumstances, the Court need not consider this factual dispute over the likely immigration consequences of his release, as there is another factor that, in the Court's view, prevents Mr. Marley from making the required showing that his circumstances warrant early release.  In the time between Mr. Marley's filing of his motion for compassionate release and the Court's receiving his reply in further support of his motion, Mr. Marley contracted COVID-19.  *See* Dkt. 252; Medical Records (noting that, as of November 17, 2020, at the latest, Mr. Marley entered contact isolation due to a positive COVID-19 test).  According to his most recent letter, dated December 1, 2020, Mr. Marley tested positive for COVID-19 on November 16, 2020, after which he was placed in isolation for ten days.  Dkt. 252.  Mr. Marley alleges that his symptoms included "chills, muscle pain, severe headache, stomach pain, ches[t] pain and fatigue."  *Id.*  His medical records confirm that Mr. Marley suffered from body aches and loss of taste and smell during isolation.  *See* Medical Records.  Mr. Marley also contends that many of his symptoms have continued, despite having been released from isolation, and that BOP medical staff has informed him that there is nothing they can do for him.  *See* Dkt. 252.  Mr. Marley's medical records, on the other hand, reveal that BOP medical staff considered him "asymptomatic" upon the expiration of his 10-day contact isolation, and explicitly noted that, as of November 26, 2020, he was not suffering from shortness of breath, fatigue, body aches, sore throat, headaches, stomach issues, or the loss of his sense of taste or smell.  *See* Medical Records.

Even if Mr. Marley has some minor, lingering effects from his COVID-19 infection, he premised his request for early release on the argument that release would lessen his risk of

4

*contracting* COVID-19.  *See* Def. Mot. at 7.  While it is nothing short of infuriating that BOP failed to prevent Mr. Marley from contracting COVID-19,[2] now that he has contracted and recovered from the illness, at least according the medical professionals at BOP, there is no basis to find that Mr. Marley has demonstrated the extraordinary and compelling circumstances necessary to afford him the exceptional relief of a sentence reduction.  In keeping with this Court's past decisions and the decisions of other courts that have considered the issue, "a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."  *United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020); *see also United States v. Randolph*, No. 14-CR-476-13, 2020 WL 7647197, at *1 (S.D.N.Y. Dec. 23, 2020) ("Now that [defendant] has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense."); *United States v. Shrout*, No. 15-CR-438, 2020 WL 3483703, at *4 (D. Or. June 26, 2020) ("[Defendant] has already contracted COVID-19 and, crucially, the BOP has properly managed the disease.").

While sympathetic to Mr. Marley's concerns about BOP's inability to limit the spread of COVID-19 within his facility and the potential long-term effects of having contracted COVID-19, the Court is unpersuaded that granting his request for a sentence reduction is warranted or would ameliorate his concerns.  Mr. Marley expresses concern about "reinfection" amid yet another outbreak at FCI Allenwood.  *See* Dkt. 252 at 2–4.  The science and data concerning reinfection rates and the period of immunity one enjoys after contracting COVID-19 is still developing, but it appears that the risk of contracting COVID-19 after having recovered from an initial bout of the illness is very low but not non-existent.  *See COVID-19: Reinfection*, Ctrs. for

---

[2]     As this Court (and others) have noted, *see, e.g.*, *United States v. Correa*, No. 08-CR-1026, 2020 WL 7490098, at *5 (S.D.N.Y. Dec. 21, 2020); *United States v. Pena*, 463 F. Supp. 3d 118, 122 (D. Mass. 2020), given the ability of COVID-19 to spread from individuals who are asymptomatic, it is baffling why BOP is not frequently and routinely testing officers and staff who enter BOP facilities for COVID-19.

Disease Control & Prevention (Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html ("Cases of reinfection with COVID-19 have been reported, but remain rare."). Nevertheless, the period of immunity after contracting COVID-19 seems to last for at least a period of months. *See, e.g.*, S.F. Lumley et al., *Antibody Status and Incidence of SARS-CoV-2 Infection in Health Care Workers*, New England J. Med. (Dec. 23, 2020), https://www.nejm.org/doi/full/10.1056/NEJMoa2034545 (finding that the presence of COVID-19 antibodies was associated with "a substantially reduced risk of [COVID-19] reinfection in the ensuing 6 months"). With the vaccine rollout underway in the United States, the Court anticipates that Mr. Marley will receive a vaccine well in advance of his becoming susceptible to reinfection.

Even if the Court were persuaded that Mr. Marley had demonstrated extraordinary and compelling circumstances, the § 3553(a) factors weigh heavily against granting his requested relief. Mr. Marley was found guilty after trial for his participation in a drug distribution conspiracy involving significant quantities of marijuana, as well as heroin, cocaine, and crack cocaine, and for possessing firearms in furtherance of his drug offense. *See* Gov't Opp. at 1; Presentence Investigation Report ("PSR") ¶¶ 2–5. Rather than a minor player in a small-scale operation, Mr. Marley was described as "the manager/supervisor" of a significant drug trafficking conspiracy. PSR ¶ 12. Mr. Marley was also found to have obstructed justice during his case, as this Court deemed his testimony "not credible" on multiple occasions. *See id.* ¶ 24; *see also* Sentencing Tr. at 6, Dkt. 230. The Probation Department calculated Mr. Marley's total offense level as 29 and his criminal history category as VI, resulting in a Guidelines range of 151 to 188 months for the drug charge, followed by five years on the firearms offense. PSR ¶ 112. At the time of the instant offense, Mr. Marley already had a lengthy criminal history, involving both drug and weapons offenses. *See id.* ¶¶ 38–61. Probation ultimately recommended a

sentence of 211 months, covering both offenses, followed by a five-year term of supervised release. *See id.* at 22. In sentencing Mr. Marley, the Court departed downward, imposing a sentence of just 96 months on the drug offense[3] and the mandatory minimum of 60 months, to be served consecutively, on the firearms offense, for a total of 156 months, followed by five years of supervised release. *See* Judgment at 3–4, Dkt. 228; Sentencing Tr. at 23–24.

At present, Mr. Marley has served approximately 55 months of his sentence, with a projected release date — accounting for good-time credit — of August 9, 2027. *See* Gov't Opp. at 1–2. Reducing Mr. Marley's sentence to time served would therefore result in an exceptionally large sentence reduction, with Mr. Marley serving only approximately one-third of the originally-imposed sentence. A 55-month sentence for Mr. Marley's criminal conduct, especially considering his criminal history, is woefully inadequate to reflect the seriousness of his offense, to specifically deter Mr. Marley, and to protect the public from Mr. Marley's further criminal conduct.[4] *See* 18 U.S.C. § 3553(a). Mr. Marley has not yet served the mandatory minimum sentence for either the drug offense or the firearms offense, which carries a mandatory minimum of 60 months, consecutive to any other sentence. *See* PSR ¶ 111.

Mr. Marley contends that he has been rehabilitated during his 55 months of incarceration, noting that he has taken several educational courses and avoided disciplinary infractions. *See* Def. Mot. at 8, 10–11. Similarly, he argues that he has a low risk of recidivism. *Id.* But his disciplinary records while incarcerated, and his extensive criminal history, mitigate against

---

[3] The mandatory minimum on the drug offense was 60 months. *See* PSR ¶ 111.

[4] To the extent the Government is correct that Mr. Marley will be taken into ICE custody and thereafter deported to Jamaica upon his release from federal custody, an argument can be made that the Court would not need not consider the need to protect the public from his further crimes. *See, e.g., United States v. Hernandez Frometa*, No. 18-CR-660, 2020 WL 6132296, at *4 (S.D.N.Y. Oct. 19, 2020) (finding that defendant's impending deportation negated any potential danger he might pose to the community). On the other hand, if Mr. Marley is correct regarding the likely immigration-related consequences of his release from federal custody, the need to protect the American public from Mr. Marley's future crimes is another factor weighing heavily against his release.

finding that Mr. Marley has been fully rehabilitated and would be unlikely to reoffend upon release. *See* Disc. Records (demonstrating that Mr. Marley has incurred two disciplinary infractions in the past 18 months, including for an incident in September 2020, seemingly after Mr. Marley submitted his request for compassionate release). There is simply no evidence from which the Court could conclude that Mr. Marley's past, present, or likely future behavior warrants such a significant sentence reduction, resulting in an incredibly lenient sentence for serious criminal conduct.

For the foregoing reasons, Mr. Marley's motion for compassionate release is DENIED. The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 247 and to mail a copy of this Order to Mr. Marley at the following address: Jason Marley, #08283068, FCI Allenwood Med., P.O. Box 200, White Deer, PA 17887.

**SO ORDERED.**

Date:  **December 30, 2020**           **VALERIE CAPRONI**
       **New York, NY**                **United States District Judge**